IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILFRED A. PAGE,

    Petitioner,

v.                                                                                                                 Civ. No. 19-956 KG-GJF

ATTORNEY GENERAL
OF THE STATE OF NEW MEXICO, *et al*,

    Respondents.

## ORDER TO SHOW CAUSE

THIS MATTER is before the Court on Wilfred Page's amended 28 U.S.C. § 2254 habeas petition [ECF 4]. Also before the Court is Page's application to proceed *in forma pauperis* [ECF 5]. Page challenges his state conviction for assaulting a peace officer. Having reviewed the matter *sua sponte* under Habeas Corpus Rule 4, the Court will require Page to show cause why the Amended Petition should not be dismissed for failure to exhaust state remedies.

**I. Procedural Background**[1]

In 2018, Page pled guilty to two misdemeanor counts of assaulting a peace officer. [ECF 1 at 2]; *see also* Plea and Disposition Agreement in Case No. D-202-CR-2018-00014. The state court sentenced him to two years imprisonment, but he received credit for six months "of participation in the Mental Health Court Program." Judgment in Case No. D-202-CR-2018-00014. The state court also suspended all but thirty days of the sentence. *Id.* Therefore, the

---

[1] The background facts are taken from the Petition and Page's state criminal docket, Case No. D-202-CR-2018-00014, which is subject to judicial notice. *See Mitchell v. Dowling,* 672 Fed. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-court docket sheet to confirm the date that each [state] motion was filed"); *United States v. Ahidley*, 486 F.3d 1184, 1192 n. 5 (10th Cir. 2007) (courts have "discretion to take judicial notice of publicly-filed records … concerning matters that bear directly upon the disposition of the case at hand").

"actual term to be served" was "30 days." *Id.* Judgment on the conviction was entered September 25, 2019. Judgment in Case No. D-202-CR-2018-00014.

Page filed the instant § 2254 proceeding on October 11, 2019. Thereafter, he amended the petition to raise claims for *Miranda* violations, "illegal court proceedings," inappropriate use of the police report, and "forced policy brutality." [ECF 4 at 5, 7, 8, 10]. Page filed an *in forma pauperis* motion to support the Amended Petition, and the matter is ready for initial review.

## II. *In Forma Pauperis* Motion

As an initial matter, Page seeks to prosecute this habeas action without prepaying the $5 filing fee. *In forma pauperis* relief is available where the petitioner's statement of assets demonstrates he is unable to prepay the filing fee before commencing suit. *See* 28 U.S.C. § 1915(a). Page's affidavit indicates he currently has no income or assets. [ECF 5]. The Court will therefore grant the Motion. Page is reminded that even though prepayment is excused, he remains obligated to pay the $5 filing fee at a later time. *See* 28 U.S.C. § 1915(a).

## III. Exhaustion of § 2254 Claims

"A habeas petitioner is generally required to exhaust state remedies" before obtaining relief "under § 2241 or [28 U.S.C.] § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). "Sua sponte consideration of exhaustion of state remedies ... is explicitly permitted" where, as here, the failure to exhaust appears on the face of the petition. *United States v. Mitchell*, 518 F.3d 740, 746 n.8 (10th Cir. 2008); *see also id.* at 746 ("[A]ffirmative defenses unique to the habeas context such as exhaustion of state remedies…may be raised by a court sua sponte….[H]abeas proceedings are different from ordinary civil litigation and, as a result, our usual presumptions about the adversarial process may be set aside.").

"The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). "Fair presentation, in turn, requires that the petitioner raise in state court the 'substance' of his federal claims." *Williams v. Trammell*, 782 F.3d 1184, 1210 (10th Cir. 2015). "This includes not only the [federal] constitutional guarantee at issue, but also the underlying facts that entitle a petitioner to relief." *Id.* The Court can excuse the exhaustion requirement "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981).

The Petition clearly reflects that Page did not present his federal issues to any New Mexico state court. In the section addressing state court "petitions, applications, or motions concerning [his] judgment of conviction," Page listed his opening pleading in this case [ECF 1]. The state court docket also confirms the failure to exhaust; after entry of the criminal Judgment, Page did not appeal or file a state habeas petition.[2] *See* Docket Sheet in Case No. D-202-CR-2018-00014.

Accordingly, no later than **April 28, 2020**, Page shall **FILE** a response showing cause, if any, why this § 2254 action should not be dismissed for failure to exhaust state remedies. If Page fails to timely respond, the Court will dismiss this action without prejudice.

---

[2] The Court also searched Page's name and birth date in the State's electronic filing system to ensure he did not inadvertently file a notice of appeal or habeas petition in another case.

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE