IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILFRED A. PAGE,

     Petitioner,

v.                                                     Civ No. 19-956 KG/GJF

UNITED STATES OF AMERICA,

     Respondent.

MEMORANDUM OPINION AND ORDER

This matter is before the Court following Wilfred Page's failure to show-cause why his 28 U.S.C. § 2254 petition should not be dismissed.   In the petition, Page challenges his state convictions for assaulting a peace officer.   (Doc. 4).   He pled guilty to those charges in 2018. (Doc. 1) at 1.   The state court sentenced him two years imprisonment.   (Judgment) in Case No. D-202-CR-2018-00014.[1]  However, the state court suspended most of the sentence, and the "actual term to be served" was "30 days."   *Id.*   Judgment on the conviction was entered September 25, 2019.   *Id.*   Page filed the instant Section 2254 proceeding on October 11, 2019. (Doc. 1).   Thereafter, he amended the petition to raise claims for *Miranda* violations, "illegal court proceedings," inappropriate use of the police report, and forced police brutality.   (Doc. 4) at 5, 7, 8, 10.

By an Order entered April 1, 2020, the Court screened the claims and determined Page

---

[1] The Court takes judicial notice of Page's state criminal docket, Case No. D-202-CR-2018-00014.   *See Mitchell v. Dowling,* 672 Fed. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-court docket sheet"); *United States v. Ahidley,* 486 F.3d 1184, 1192 n. 5 (10th Cir. 2007) (courts have "discretion to take judicial notice of publicly-filed records").

plainly failed to exhaust state remedies before seeking federal habeas relief.   *See* 28 U.S.C. §

2254(b)(1) (setting forth exhaustion requirement); *United States v. Mitchell,* 518 F.3d 740, 746

(10th Cir. 2008) ("[A]ffirmative defenses unique to the habeas context such as exhaustion …may

be may be [sic] raised by a court *sua sponte*").   "The exhaustion requirement is satisfied if the

federal issue has been properly presented to the highest state court."   *Dever v. Kansas State*

*Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).   Because Page filed this case 16 days after

entry of the criminal judgment, it would have been impossible for him to complete that step.

Further, Page listed his opening pleading in this case (Doc. 1) in the section of his petition

addressing exhaustion.   (Doc. 4) at 3.   The state court docket also confirms the failure to

exhaust.   It reflects that after entry of the Judgment, Page did not appeal or file a state habeas

petition.[2]   (Docket Sheet) in Case No. D-202-CR-2018-00014.

  The Court explained these principles and directed Page to show cause why this proceeding

should not be dismissed.   (Doc. 6) at 3.   The show-cause deadline was April 28, 2020.   *Id.*

Page was warned that the failure to timely respond will result in dismissal.   Page did not respond

to the Order.   The Court will therefore dismiss this matter without prejudice for failure to exhaust

state remedies and respond to Court orders.   *See Olsen v. Mapes,* 333 F.3d 1199, 1204 n. 3 (10th

Cir. 2003) ("Rule 41(b) … has long been interpreted to permit courts to dismiss actions *sua*

*sponte* for a plaintiff's failure to prosecute or comply with the … court's orders.").   To the extent

necessary, the Court will also deny a certificate of appealability under Habeas Corpus Rule 11.

This dismissal ruling is not reasonably debatable.   *See Slack v. McDaniel*, 529 U.S. 473, 484

---

[2] The Court also searched Page's name and birth date in the State's electronic filing system to ensure he
did not inadvertently file a notice of appeal or habeas petition in another case.

(2000) (certificate can only issue where petitioner "demonstrates that reasonable jurists would find the district court's assessment … debatable or wrong").

IT IS ORDERED:

1. Wilfred Page's amended habeas corpus petition under 28 U.S.C. § 2254 (Doc. 4) is dismissed without prejudice.

2. A certificate of appealability is denied.

3. The Court will enter a separate judgment closing the civil habeas case.

_____

UNITED STATES DISTRICT JUDGE